# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Paul Leigh Burt,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:15cv1024 (TSE/MSN) |
| | ) | |
| **Dr. Tarpley and Nurse E. Shaw,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Paul Leigh Burt, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he suffers deliberate indifference to his serious medical needs at Greensville Correctional Center. Plaintiff has applied to proceed in forma pauperis in the lawsuit. Following review of the initial complaint, deficiencies in it were explained to plaintiff, and he was allowed an opportunity to file a particularized and amended complaint. After careful review of the amended complaint, the claim must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

# I.

Despite the careful instructions plaintiff received in the Court's initial order, his allegations in the amended complaint are disjointed and difficult to follow. Nonetheless, it fairly can be gleaned that in essence, plaintiff believes that defendants are remiss in failing to treat his broken nose. In an exhibit to the amended complaint, plaintiff states that he has a "crookit [sic], broke nose" that has caused him to suffer pain for 28 years. Am. Compl. Ex. at 9, Correspondence to Regional Administrator. Plaintiff experiences "pressure on [his] forehead from crookit brokeness," and he knows this because when he touches his nose he "can feel the crookit brokeness." Id. Plaintiff also feels weak and dizzy, and "many times" he "fell out, black out from seizure(s)," which he "truly believe[s] ... is from [his] crookitness, brokeness." Id.

Plaintiff states that on March 20, 2015, Dr. Tarpley of Greensville Correctional Center ("GCC") noticed the injury to his nose and ordered an x-ray. The x-ray was taken on April 9, 2015 and Dr. Tarpley said that it showed that nothing was wrong with plaintiff's nose. Head Nurse E. Shaw also informed plaintiff that his alleged injury was "just nasal congestion." Am. Compl. § IV. Apparently plaintiff also was given some medication, because when he filed an informal complaint about the diagnosis he was instructed to "[p]lease continue prescribed treatment." Am. Compl., Ex. at p.7. Plaintiff argues that Dr. Tarpley arrived at a "false diagnosis" which cannot be correct "when in fact, plaintiff suffers pain, pressure on forehead, [and] dizziness where plaintiff feels like falling out." Id. He reasons that because Dr. Tarpley ordered an x-ray of his nose, "why was it done, if she didn't feel something was wrong. There has to be a problem." Am. Compl., attached p. 2. Therefore, plaintiff "knows" that he suffers cruel and unusual punishment in violation of the Eighth Amendment, and he contends that the defendants should allow him to be sent out to see a specialist to check to see if further action is

needed, id. at pp. 2-3, because in plaintiff's opinion "something like surgery needs to be done." Am. Compl., Ex. at p.7. The named defendants are Dr. Tarpley and Nurse Shaw,[2] and as relief plaintiff seeks an unspecified award of monetary damages as well as "reset nose recover heal miracle." Am. Compl. §V.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

---

[2]In the initial complaint, the sole named defendant was Eddie Pearson, the Warden of GCC. It was explained to plaintiff in the initial order that supervisors can be liable in § 1983 for the actions of their subordinates only in limited circumstances, and that plaintiff had offered no facts to bring Warden Pearson within that narrow category. Plaintiff has omitted Warden Pearson as a defendant in the amended complaint and has added Dr. Tarpley and Nurse Shaw.

3

level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, taking all of plaintiff's allegations as true, he fails to state an actionable Eighth Amendment claim for the denial of medical care. As to the first component of such a claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency,

4

one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The condition with which plaintiff was diagnosed and for which he was treated - namely, nasal congestion - patently is not a sufficiently serious condition to meet those criteria.

It is apparent that plaintiff believes that he was misdiagnosed as suffering only from nasal congestion, and that instead his actual malady is a broken nose. Even if that were assumed to be true, it is questionable that a broken nose is a sufficiently serious condition to warrant constitutional protection. In Riles v. Buchanan, 656 Fed. App'x 577 (2d Cir. 2016), an inmate suffered a broken nose when a corrections officer used physical force against him. In pertinent part, the inmate claimed that prison physicians acted with deliberate indifference in failing to treat his nose promptly, which resulted in his loss of taste and smell. An x-ray taken shortly after his initial medical visit which revealed "multiple nose fractures of the rights and left nasal bone, mildly displaced." Id. at 582. In finding that the inmate's deliberate indifference claim was insufficient as a matter of law, the court noted that "[t]he evidence demonstrates that such injuries ordinarily heal without medical intervention." Id.; see also, Sylvia v. Maddox, 2007 WL 2300799 (W.D. N.C. Aug. 7, 2007) (finding that a broken nose sustained by an inmate due to use of force by officers was insufficiently serious to sustain Eighth Amendment claims for either excessive force or deliberate indifference).[3]

Here, however, the issue of whether plaintiff's alleged broken nose would satisfy the first component of an actionable claim of deliberate indifference need not be resolved, because it is

---

[3]In Sylvia, the plaintiff's injury to his nose was described as a "minimal fracture with no displacement" that required no medical treatment because it would heal itself over time. Id. at *5. Since in this case an x-ray of plaintiff's nose admittedly failed to reveal any break in the nose, it can fairly be assumed that any fracture which *arguendo* may exist also must be minimal.

5

clear that he did not suffer deliberate indifference to his condition. Plaintiff states that the nose was x-rayed, the x-ray revealed no fracture, and he was provided with some form of treatment for the nasal congestion that was diagnosed. While plaintiff obviously feels that these measures were inadequate, his disagreement with the course of his treatment does not make out a cause of action. Wright, 766 F.2d at 849. Moreover, to the extent that plaintiff asserts that the conclusion that he suffers from nasal congestion was a "false diagnosis," it is settled that "an incorrect diagnosis is not deliberate indifference." Smith v. Asghar, 114 Fed. App'x 222, 224 (7th Cir. 2004), citing Steele v. Choi, 82 F.3d 175, 178 (7th Cir. 1996). If defendants did misinterpret the x-ray with which plaintiff was provided, such an error would amount at worst to negligence, and even treatment that is sufficiently negligent to amount to medical malpractice does not amount to deliberate indifference. Estelle, 429 U.S. at 106. As the defendants' actions in responding to plaintiff's asserted injury to his nose were not "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness," Miltier, 896 F.2d at 851, the second component of an actionable Eighth Amendment claim is absent here, and he states no claim for which § 1983 relief is available.

## IV. Conclusion

For the foregoing reasons, plaintiff's claim must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order and judgment shall issue.

Entered this __17__ day of __April__ 2017.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge